**Mario GONZALEZ, Petitioner–Appellant,**

v.

**Mike KNOWLES, Respondent–Appellee.**

No. 03–16829.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Oct. 13, 2004.

Janice M. Lagerlof, San Francisco, CA, for Petitioner–Appellant.

Ronald E. Niver, San Francisco, CA, for Respondent–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and WINMILL, District Judge.*

MEMORANDUM **

Appellant Mario Gonzalez, a California state prisoner, appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253. Because appellant filed his habeas petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Under AEDPA, federal courts may not grant habeas relief unless the state court ruling "resulted in a deci-sion that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Furthermore, "habeas petitioners ... are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice,'" defined as error that "had [a] substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal citations omitted). Reviewing de novo the district court's decision, see Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003), we affirm.

Appellant was convicted of one count of lewd and lascivious conduct upon a child under the age of 14, Cal.Penal Code § 288(a), and five counts of lewd and lascivious conduct upon a child under the age of 14 by use of force, violence, duress, menace or fear of bodily injury. Cal.Penal Code § 288(b). Appellant contends that the trial court's failure to instruct the jury on the applicable statute of limitations violated appellant's Fifth and Fourteenth Amendment due process rights and his Sixth Amendment jury trial right, because the information charged conduct that fell both within and outside of the applicable limitations period. Appellant also contends that the jury's verdict was not supported by sufficient evidence to establish that the alleged crimes occurred within the limitations period, in violation of his due process rights.

Even assuming that appellant's federal due process rights are implicated by a

---

* The Honorable B. Lynn Winmill, Chief Judge, United States District Court for the District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

state's alleged failure to apply its own statute of limitations, any constitutional violations that may have occurred did not result in actual prejudice. The record contains testimony that there was continuous, near-daily abuse over a period that included two months within the limitations period. There is no reason to believe that the jury would have credited only the evidence of such abuse occurring outside of the limitations period, nor was there any reason for the jury to disregard evidence within the limitations period. Accordingly, any constitutional infirmity in the court's failure to instruct the jury on the statute of limitations did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710 (internal citations omitted).

AFFIRMED.